**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**
No. 95-40857
Summary Calendar

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee,

versus

FERMIN GONZALEZ-RIVAS,

                         Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(M-93-CR-208-01)
October 18, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Fermin Gonzalez-Rivas ("Gonzalez") appeals his convictions for conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and aiding and abetting possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.

The arrest of Gonzalez and his alleged co-conspirators, Jaime Chapa-Barrera ("Chapa"), Victor Lopez-Davila, and Ruben Vela-Mascoro ("Vela"), arose out of an undercover operation in which

_____

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

police negotiated with Chapa for the purchase of 1000 pounds of marijuana. On the day of the arrest, Chapa met with police in a restaurant in Mission, Texas, to discuss delivery of the drugs and later led police to the home of Lopez-Davila where the marijuana was located. Police arrested Chapa and Lopez-Davila at the house, and soon thereafter arrested Gonzalez and Vela who had been circling the neighborhood in Gonzalez's truck. A grand jury indicted each with conspiracy to possess marijuana with intent to distribute, and aiding and abetting possession of marijuana with intent to distribute. Gonzalez was tried alone, and convicted on both counts.

On appeal, Gonzalez contends that the evidence presented by the prosecution was insufficient to support the inference that he knew of the conspiracy or voluntarily participated in it. Gonzalez additionally contends that the district court erred in allowing the prosecution to introduce evidence of his prior state conviction for possession of marijuana because the prosecution failed to give reasonable notice to the defense under Rule 404(b) of the Federal Rules of Evidence and because the prior conviction bears solely on his character.

When determining the sufficiency of the evidence after conviction by a jury, the scope of our review is narrow. We must affirm if, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have found that the

evidence established guilt beyond a reasonable doubt. *United States v. Burmea*, 30 F.3d 1539, 1551 (5th Cir.), *reh'g and suggestion for reh'g en banc denied*, 39 F.3d 322 (5th Cir. 1994), *and cert. denied*, ___ U.S. ___, 115 S. Ct. 1113, 130 L. Ed. 2d 1077 (1995), *and* ___ U.S. ___, 115 S. Ct. 1825, 131 L. Ed. 2d 746 (1995). The evidence need not exclude every reasonable hypothesis of innocence, and the jury is free to choose among reasonable constructions of the evidence. *United States v. Pigrum*, 922 F.2d 249, 254 (5th Cir.), *cert. denied*, 500 U.S. 936, 111 S. Ct. 2064, 114 L. Ed. 2d 468 (1991).

In order to sustain a conviction for conspiracy, the prosecution must show that the defendant knew of the conspiracy and intended to participate in it. *United States v. Puig-Infante*, 19 F.3d 929, 936 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 180, 130 L. Ed. 2d 115 (1994). A conviction for aiding and abetting requires proof that the defendant associated with and participated in the criminal venture and sought to make the venture succeed. *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2014, 131 L. Ed. 2d 1013 (1995). Gonzalez concedes that a conspiracy to distribute marijuana existed between Chapa and Lopez-Davila, but asserts that from the evidence presented, a jury could not have found beyond a reasonable doubt that Gonzalez knowingly participated in that conspiracy. The record, however, clearly refutes this assertion.

-3-

On the day of his arrest, Gonzalez drove Chapa to the restaurant in Mission and waited outside in his truck while negotiations for the sale of the drugs took place. Later, surveillance teams witnessed Gonzalez and Vela cruising back and forth past Lopez-Davila's house while Chapa, Lopez-Davila, and police consummated the transaction. Moreover, phone records showed numerous telephone calls to and from the co-conspirators during the period of the investigation, one of which was placed from Gonzalez's home phone in Rio Grande City to the pager of an undercover agent, and another of which was placed from Gonzalez's cellular phone to Lopez-Davila's house while Chapa was inside the restaurant negotiating with police.

Viewing this evidence in the light most favorable to the prosecution, we find that a reasonable jury could have concluded beyond a reasonable doubt that Gonzalez knew of and actively participated in the conspiracy, and that he aided and abetted his co-conspirators to possess marijuana with intent to distribute. *See Jaramillo*, 42 F.3d at 923 (holding circumstantial evidence sufficient to establish aider and abettor liability where defendant did not "merely stand and watch the transaction").

Next, Gonzalez argues that the district court violated Rule 404(b) of the Federal Rules of Evidence when it allowed the prosecution to introduce evidence of his prior state conviction without reasonable notice to the defense. Gonzalez also contends

that the prior conviction should have been excluded from evidence because it bears solely on his character.

We apply a highly deferential standard of review to the trial court's evidentiary rulings and will reverse only for an abuse of discretion. *United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1340, 134 L. Ed. 2d 490 (1996), *and* ___ U.S. ___, 116 S. Ct. 1366, 134 L. Ed. 2d 532 (1996); *United States v. Anderson*, 933 F.2d 1261, 1267-68 (5th Cir. 1991). What constitutes "reasonable notice" under Rule 404(b) depends largely on the circumstances of each case. FED. R. EVID. 404(b) advisory committee note. Although the government did not inform Gonzalez that it intended to introduce his prior conviction for Rule 404(b) purposes until two days prior to trial, it informed defense counsel six weeks before trial that it would use the conviction in order to seek an enhanced punishment. Gonzalez does not assert that he was in any way prejudiced by a lack of notice. We therefore hold that the district court did not abuse its discretion in admitting the prior conviction into evidence. We also hold that the district court did not abuse its discretion in finding that the prior conviction was both relevant to the issue of Gonzalez's intent to participate in the conspiracy, and that its probative value outweighed its prejudicial effect. *See Buchanan*, 70 F.3d at 831-32 (holding that prior conviction was properly admitted as probative of intent and not unduly prejudicial where it

tended to refute defendant's story that he was merely "in the wrong place at the wrong time").

For the foregoing reasons, we AFFIRM.